IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS SAIS, JR, <br> # 60078-080, <br>     Petitioner, <br><br> vs. <br><br> WARDEN K. ZOOK, <br>     Respondent. | No. 3:21-CV-2415-N (BH) <br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 1, 2021 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

### I.    BACKGROUND

Luis Sais, Jr. (Petitioner), a former federal prisoner incarcerated at the Federal Correctional Institution (FCI) in Seagoville, Texas, was convicted of one count of conspiracy to possess with intent to distribute cocaine, a Schedule II narcotic drug controlled substance, and one count of conspiracy to commit money laundering in the United States District Court for the Western District of Texas. *See United States v. Sais*, No. 6:14-CR-256-RP-1, doc. 215 (W.D. Tex. Dec. 14, 2015). He was sentenced to a concurrent term of 120 months' imprisonment, to be followed by a three-year term of supervised release. *See id.*

On October 1, 2021, Petitioner filed a petition under 28 U.S.C. § 2241 challenging a 2018 Bureau of Prisons (BOP) disciplinary proceeding that occurred while he was incarcerated at FCI La Tuna, in Anthony, Texas. (*See* doc. 3.) He contends that his right "to due process was violated

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

during SIS investigation and during DHO hearing," and he alleges the following:

> (1) Investigation was untimely conducted;
>
> (2) Exculpatory evidence collected by BOP staff was surpressed [sic];
>
> (3) Exculpatory evidence presented by [Petitioner] was not considered in defense of [Petitioner];
>
> (4) Right of [Petitioner] to call witnesses was violated; and
>
> (5) Sworn statements presented by [Petitioner] were excluded or redacted during Administrative Appeal process.

(*Id.* at 6; *see also id.* at 9.) He seeks "a hearing on the deprivations of the Petitioner's constitutional rights set out in this petition, and following that hearing, that this Court set aside and void the wrongful deprivation of 27 days [sic] good conduct time." (*Id.* at 10.) The respondent filed a response on November 19, 2021, and Petitioner filed separate replies on March 7, 2022 and March 8, 2022. (*See* docs. 11, 20-21.) On November 30, 2022, the respondent filed a notice stating that Petitioner had been released from BOP custody on June 24, 2022. (*See* doc. 22.)

## II.    JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a

controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Petitioner's challenge to the constitutional validity of his BOP disciplinary proceeding, and the resulting deprivation of 27 days of good conduct time, was pending at the time that he was released from BOP custody. A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody," however. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep a § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *see also Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019). Because Petitioner's three-year term of supervised release following the completion of his concurrent sentence could be shortened if he served excess prison time, his release from custody alone does not render his § 2241 petition moot.

A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Under § 3583(e), only the sentencing court may make the determination of whether a petitioner served excess time. *See Lawson v. Berkebile*, 308 F. App'x 750, 752 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(e)(2), 3605). Petitioner was sentenced in the Western District of Texas, and there is no indication from the docket that jurisdiction has been transferred elsewhere. This Court therefore lacks jurisdiction to determine whether Petitioner has served excess prison time, and because it cannot grant him the relief he seeks, his § 2241 petition has been rendered moot. *See, e.g.*, *Watkins v. Vasquez*, 451 F. App'x 429, at *1-2 (5th Cir. 2011) (affirming dismissal of § 2241 petition as moot where the petitioner had been released from prison while challenge to

the validity of a prison disciplinary proceeding was pending and where district court lacked jurisdiction to determine whether he served excess prison time warranting a reduction of his term of supervised release); *Richardson v. Underwood*, No. 3:19-CV-338-C-BH, 2020 WL 1526912, at *2 (N.D. Tex. Mar. 30, 2020) (citing cases), *rec. adopted* 2020 WL 1987270 (N.D. Tex. Apr. 27, 2020). Accordingly, the § 2241 petition should be dismissed for lack of jurisdiction.

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 1, 2021 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 1st day of December, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE